# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA G. GRESHAM, | 3:09-cv-00034-RCJ-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| PETRO STOPPING CENTERS, *et al.*, | |
| Defendants. | June 14, 2010 |

The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) (#43).  On November 20, 2009, the court granted in part and denied in part Petro Stopping Centers, LP and TCA PSC GP LLP's ("defendants") motion for sanctions (#22) against Sandra G. Gresham ("plaintiff") pursuant to Federal Rule of Civil Procedure 37 (#29).  The court granted the motion with respect to the request for attorneys' fees and costs but denied the motion as to the request that plaintiff's counsel be disqualified. *Id*.  The court directed defendants' counsel to submit a statement of attorneys' fees and costs pursuant to LR 54-16(b). *Id*.

Before the court is defendants' requested statement for costs and attorneys' fees (#32). Plaintiff opposed (#34), and defendants replied (#36).  Upon review of the statement, opposition, and reply, the court awards reasonable attorneys' fees as set forth below.

## I. HISTORY & PROCEDURAL BACKGROUND

On October 1, 2009, defendants filed a motion for sanctions (#22), arguing that plaintiff's counsel, Mr. Thompson, improperly interfered with the deposition of the plaintiff.  Specifically, defendants claimed that plaintiff's counsel yelled at defense counsel, instructed the plaintiff not to answer questions, and used "speaking objections," which suggested answers to the deponent. *Id*. Defendants requested costs for filing the motion and that plaintiff's counsel be disqualified. *Id*.

On November 20, 2009, after a hearing on the motion, the court granted in part and denied in part defendants' motion (#29).  The court found that the conduct of plaintiff's attorney was

1  inappropriate and granted defendants' request for attorneys' fees and costs for filing the motion;
2  however, the court denied defendants' request that Mr. Thompson be disqualified. *Id*. The court
3  ordered defendants to file a statement of attorneys' fees and costs pursuant to LR 54-16(b). *Id*.

4        The District Court affirmed this court's ruling and found that Mr. Thompson had violated
5  Rule 30(c) of the Federal Rules of Civil Procedure "[b]y phrasing objections that suggest answers
6  to the witness and instructing the witness not to answer when unnecessary to preserve privilege."
7  (#43). The District Court referred the determination of attorneys' fees to this court. *Id.*

## II. DISCUSSION & ANALYSIS

**A.    Sanctionable Conduct**

10        Rule 30 allows for sanctions to be imposed upon a party for improper conduct during a
11  deposition and provides that "[t]he court may impose an appropriate sanction--including the
12  reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or
13  frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Rule 30 also provides that
14  an objection during deposition "[m]ust be stated concisely in a nonargumentative and nonsuggestive
15  manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege,
16  to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ.
17  P. 30(c)(2).

18        Here, the court sanctioned plaintiff, and the District Court affirmed that ruling (#43). Thus,
19  the remaining issue is defendants' statement of fees and the calculation of the award.

**B.    Plaintiff's Opposition**

21        The court must first address plaintiff's opposition to defendants' statement of costs and
22  attorneys' fees. Local Rule 54-16(d) states that an opposition, "[s]hall set forth the specific charges
23  that are disputed and state with reasonable particularity the bases for such opposition. The
24  opposition shall further include affidavits to support any contested fact."

25        Rather than address the reasonableness of the requested fees, plaintiff largely argues that
26  defendants have no legal basis for the award. In one instance, plaintiff states that, "at minimum . .
27  . even if the Court elects to go forward with sanctions on this record, the Defendants' Application
28  for Attorney's Fees must be substantially reduced by at least 66.66%" (#34, p. 27). Plaintiff does

not challenge any specific fact contained in the statement of fees, nor does the plaintiff supply any affidavit to support any contested facts as required by LR 54-16(d). Plaintiff also does not provide any basis or reasoning as to why the fees "must" be reduced by two-thirds.

Because plaintiff fails to contest defendants' submitted hours and/or rates, the court finds a hearing unnecessary. *See Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (denial of evidentiary hearing not an abuse of discretion where evidentiary hearing would not aid the decisionmaking process).

## C.     Reasonable Attorneys' Fees

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley*. *See Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "[t]he number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley,* 461 U.S. at 433. Modifications to the lodestar figure "[a]re proper only in certain 'rare' and 'exceptional cases'" because the lodestar figure is presumed to represent a reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

### 1.     Reasonable Hourly Rate

The Ninth Circuit has "[r]epeatedly held that the determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). The reasonable hourly rate should reflect the prevailing market rates in the community. *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002). The relevant community is the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Reasonably competent counsel bill at a reasonable hourly rate based on the local legal community as a whole. *See Blum v. Stenson*, 465 U.S. 886, 893 (1984).

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of

3

reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum*, 465 U.S. at 895 n. 11).

Defendants' attorneys, Mr. Kent and Mr. Frey, each charge an hourly rate of $145 (#32, p. 4). Defendants assert that this fee is customary and well below the average hourly rate in Northern Nevada. *Id.* The court agrees and finds these rates are well below the established reasonable hourly rates in the community for attorneys with similar skill and ability. *See, e.g., GCM Air Group, LLC v. Chevron U.S.A., Inc.*, 2009 WL 1810743, at *5 (D. Nev. June 24, 2009) (noting that fees of $305 and $230 per hour were deemed reasonable). Moreover, plaintiff does not object to defendants' hourly rate.

Therefore, defendants' fees of $145 per hour are reasonable.

**2.  Hours Reasonably Expended**

At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The court should exclude from the lodestar calculation hours that were not "reasonably expended . . . excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The district court should give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review. *Cunningham v. County of Los Angeles,* 879 F.2d 481, 485 (9th Cir. 1988) ("Courts need not attempt to portray the discretionary analyses that leads to their numberical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge our reviewing function").

Defendants provide a detailed statement of hours spent on the motion to compel and sanction. These hours total 41.6.[1] Defendants seek attorneys' fees for the following: (1) 14.6 hours in preparation and filing of the original motion; (2) 20.9 hours in preparation of the reply to plaintiff's response; (3) 2.4 hours for preparation and attendance at hearing; (4) 3.4 hours for preparation of the application for attorneys' fees; (5) .1 hour for a telephone call to the magistrate; and (6) .2 hour to

---

[1] Plaintiff did not challenge any specific hours presented by defendants.

4

read the court's notice setting a hearing on the calendar. The court examines these six requests below.

First, defendants' original motion for sanctions is a sixteen-page motion containing adequate legal research and numerous exhibits from the deposition of the plaintiff. The motion was granted in part and denied in part (#29); however, the court notes the portion of the motion which was denied, to disqualify plaintiff's counsel, was a mere request and not a significant portion of the motion. Therefore, the court believes that the full time requested, 14.6 hours, was reasonably necessary to prepare the motion. With respect to the second request, defendants seek 20.9 hours for preparation of the reply. The reply is a fourteen-page motion that revisits many of the legal theories and exhibits contained in the original motion for sanctions. Accordingly, the court believes a reduction to 14.6 hours, the amount of time required to complete the original motion, is appropriate because the motion is similar in length and complexity to the original motion. Third, the hearing on the motion for sanctions lasted 1.1 hours. *See* #29 (listing the time of hearing from 10:33 a.m. to 11:39 a.m.). The court believes that the remaining 1.3 hours constitutes a reasonable time to prepare, attend, and commute to and from the hearing. Fourth, the application for attorneys' fees and costs is a well organized, coherent, and detailed description of the work performed. The requested time of 3.4 hours was reasonably necessary to prepare this type of accounting. Fifth, the court believes the .1 hour used to call the magistrate was reasonably necessary. Finally, the court believes that defendants' requested time of .2 hour to review the hearing calendar was reasonable. With these modifications, the court finds that a total of 35.3 hours was reasonably necessary.

    **3.**    **Total Lodestar Award**

Based on the foregoing, the court finds the appropriate amount attorneys' fees awarded to be as follows:

| **ATTORNEY HOURS** | **ATTORNEY RATE** | **TOTAL LODESTAR** |
|---|---|---|
| 35.3 | $145 | **$5,118.50** |

**D.**    **Total Attorneys' Fees and Costs Awarded**

Pursuant to the court's order (#29) defendants are also entitled to costs. Defendants provide in their statement that the costs amount to $7.80, and the court finds this reasonable. Therefore the

5

1  court awards costs of $7.80, which combined with the lodestar amount equals a **total award of**
2  **$5,126.30.**

### CONCLUSION

The court takes into account the reasonableness of the fees and work expended by defendants and finds that the payment of fees and costs places the defendants in the position they would have been had plaintiff's counsel behaved and objected properly in the plaintiff's deposition.

Plaintiff's request for hearing is **DENIED**.

**IT IS ORDERED** that plaintiff pay defendants **$5,126.30** within thirty days of the date of this order.

DATED: June 14, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**