1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

SANDRA G. GRESHAM,                        )
9                                          )
                         Plaintiff,        )
10                                         )          3:09-cv-00034-RCJ-VPC
          vs.                              )
11                                         )
PETRO STOPPING CENTERS, LP et al.,         )          **ORDER**
12                                         )
                         Defendants.       )
13 _____ )

14          This case arises out of a slip-and-fall incident at a truck wash.  Pending before the Court

15 are Plaintiff's Motions in Limine (ECF Nos. 78, 82, 87).  For the reasons given herein, the Court

16 grants the motions in part and denies them in part.

17 **I.      FACTS AND PROCEDURAL HISTORY**

18          On September 6, 2006, Plaintiff Sandra G. Gresham slipped and fell on Defendant Petro

19 Stopping Centers, LP's ("Petro") property at 1950 E. Gregg St. in Sparks, Nevada and suffered a

20 compound fracture of her left femur. (Compl. ¶¶ 5–7).  Plaintiff sued Petro and its general

21 partner, TCA PSC GP LLC, in state court for negligence on a respondeat superior theory. (*See*

22 *id.* ¶¶ 3, 9).  Defendants removed.  The Court has denied Defendants' motion for summary

23 judgment. (*See* Order, Aug. 3, 2010, ECF No. 52).  Plaintiff has filed three motions in limine.

24 **II.     LEGAL STANDARDS**

25          A motion in limine is a procedural device to obtain an early and preliminary ruling on the

admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted

1  to trial.  Denial merely means that without the context of trial, the court is unable to determine

2  whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

3  **III.     ANALYSIS**

4        **A.        Motion in Limine No. 78**

5        Plaintiff asks the Court to exclude evidence of the payment of her medical bills by

6  insurance or other sources.  In Nevada, the collateral source rule, which prevents a jury from

7  reducing a plaintiff's damages based on the payment of medical bills from a collateral source

8  such as an insurer, operates as both a substantive rule of damages and a rule of evidence.  The

9  present motion concerns the rule as a rule of evidence.  As Plaintiff notes, in Nevada such

10  evidence is inadmissible for any purpose. *See Proctor v. Castelletti*, 911 P.2d 853, 854 (Nev.

11  1996) ("Whether collateral source evidence is relevant to an issue at trial other than damages is

12  one of first impression in Nevada.  We now adopt a *per se* rule barring the admission of a

13  collateral source of payment for an injury into evidence for any purpose." (footnote omitted)).

14        The *Proctor* rule is a state common law rule of evidence.  The Federal Rules of Evidence

15  apply in federal court, even in diversity cases, unless the type of evidence at issue is intimately

16  bound up with the substance of the underlying state law claim. *See Wray v. Gregory*, 61 F.3d

17  1414, 1417–18 (9th Cir. 1995) (holding that the findings of a medial screening panel in Nevada

18  were admissible in a federal diversity case despite any contrary result under the federal rules,

19  because the underlying state medical malpractice law mandated that the claim first be filed with

20  the panel for its review).  The Ninth Circuit does not appear to have directly decided whether the

21  collateral source rule applies in federal court as a rule of evidence, and although the circuits

22  appear to be in agreement that the rule is *Erie*-substantive insofar as it governs the calculation of

23  damages, the circuits are split as to whether it is *Erie*-substantive as to admissibility of evidence.

24  *See Mascenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001) (holding that the evidentiary rule

25  is *Erie*-substantive); *Bradford v. Bruno's, Inc.*, 94 F.3d 621, 622–23 (11th Cir. 1996)

1   (reaffirming on rehearing that Alabama's statutory collateral source rule was *Erie*-substantive,

2   but affirming the district court's refusal to apply it after the Alabama Supreme Court had struck

3   the statute down in the meantime on state constitutional grounds). *But see Fitzgerald v.*

4   *Expressway Sewerage Constr. Co.*, 177 F.3d 71, 73–74 (1st Cir. 1999) (holding that state

5   collateral source rules are *Erie*-substantive as to damage calculations but not as to admissibility

6   of evidence).

7          Here, it is clear that as a rule of damages Nevada law will not permit the subtraction of

8   collateral payments from Defendants' liability.  Therefore, regardless of whether Nevada's

9   collateral source rule should apply directly as a rule of evidence in this diversity case, the Court

10  will exclude any evidence of collateral payments, because the substantive damages rule makes

11  such evidence irrelevant. Fed. R. Evid. 401–402.  Collateral payment evidence will only tend to

12  affect the determination of Plaintiff's economic damages, and neither the jury nor the Court may

13  reduce Plaintiff's damages based on collateral payments under the substantive damages rule.

14         Plaintiff also asks the Court to rule that she may testify that her medical bills have been

15  paid, without being cross-examined as to the source or amount of payments.  The Court will

16  grant this request, with a caveat.  For example, if Plaintiff testifies that she or her family

17  personally paid her medical bills, Defendants will be able to impeach her with evidence of the

18  true source of the payments. *See United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. 1999).

19  Impeachment by contradiction is relevant to a witness's credibility generally, and even if

20  applicable in federal court as a rule of evidence, Nevada's collateral source rule cannot nullify

21  federal impeachment rules, which exist for different, procedural concerns. *See United States v.*

22  *Kincaid-Chauncey*, 556 F.3d 923, 932 (9th Cir. 2009).  However, so long as Plaintiff simply

23  testifies that the bills have been paid, Defendants will not be permitted to identify the source or

24  amount of payment.  Plaintiff will be permitted to walk the tightrope on this issue on the witness

25  stand if she wishes to.

1    Finally, Plaintiff asks the Court to enter an order instructing Defendants, their attorneys,

2    and their witnesses not to convey evidence of collateral payment to the jury in any way.  The

3    Court will not enter a separate order but expects counsel will prepare witnesses appropriately.

4        **B.**    **Motion in Limine No. 82**

5    Plaintiff asks the Court to limit the testimony of Defendants' expert David A. Thompson

6    for the same reasons the Court has preliminary limited the testimony of Plaintiff's expert Brian

7    Jones: Thompson apparently intends to testify not only within his area of expertise as a

8    mechanical and biomechanical engineer, but also as to the legal issue of fault.  The Court grants

9    the motion in part.  First, the Court will exclude his proffered testimony that Plaintiff failed to

10   give proper attention to warnings at the scene.  Second, the Court will exclude his proffered

11   testimony that Plaintiff could have avoided a fall "had she used due care," although he may

12   testify as to the location of warning signs and whether a fall would have been more or less likely

13   had she taken a different route.  The Court will not exclude testimony that she could have

14   avoided a fall by walking more slowly, in a different manner, or taking a different path.  Such

15   testimony is within the witness's expertise on the issue of causation.  Third, the Court will not

16   exclude testimony that the exit pad was likely relatively dry when Plaintiff walked back to her

17   truck, so long as the testifying expert can be qualified with respect to the evaporation time of

18   water such that his testimony on the point would meaningfully add to a juror's common

19   experience.  Fourth, the Court will not exclude testimony concerning the manner or direction of

20   Plaintiff's fall.  Thompson is a biomechanical expert and presumably is competent to provide

21   expert opinion on the manner of a fall based on witness statements and injury reports or

22   examinations.  Fifth, the Court will not exclude a comparison of the conditions of Defendants'

23   location to conditions at other truck stops insofar as the comparison concerns industry-wide

24   practices, which is relevant to the standard of care.  Finally, the Court will not allow Thompson

25   to testify as to the conclusion in his report that Plaintiff's fall and injuries "were caused by her

1   lack of personal responsibility for her own safety . . . . The Petro Stopping Center was not

2   responsible for her fall and injuries." However, the Court will permit testimony that the fall was

3   "contributed to by her physical condition." The former statements are opinions of legal fault,

4   and Thompson is not an expert on this issue. The latter statement, however, is an opinion of

5   biomechanical causation on which Thompson is an expert.

6          **C.     Motion in Limine No. 87**

7          Plaintiff makes four requests in her latest motion in limine. First, Plaintiff asks the Court

8   to exclude evidence of her prior falls at different locations as irrelevant. The Court will exclude

9   evidence of prior falls as improper character evidence insofar as the evidence is intended purely

10  to show that Plaintiff's past negligence shows she was negligent on the relevant occasion. Fed.

11  R. Evid. 404. However, the Court will not exclude evidence of past falls if such evidence is

12  relevant to causation of Plaintiff's claimed injuries in the present case. Evidence must be

13  inadmissible on all possible grounds to be excluded, and the Court cannot say at this time that

14  the evidence of past falls would be completely irrelevant to causation or damages. The Court

15  can give a limiting instruction to avoid any jury confusion of the issues of negligence and

16  causation.

17         Second, Plaintiff asks the Court to exclude evidence of past unrelated injuries or medical

18  conditions. Evidence of existing medical conditions, whether based on past injuries or not, will

19  not be excluded if relevant to the Plaintiff's propensity to fall, because it will be relevant to

20  causation. It is entirely possible that one or more prior injuries could have contributed to causing

21  the fall at issue. It is also possible that there will be evidence tending to show that some of the

22  injuries claimed in the present case were in fact preexisting. The experts will likely have

23  something to say about this. The Court does not have enough context to make a broad in limine

24  ruling excluding evidence of all prior injuries. The Court will exclude Plaintiff's medical

25  records that have no possible relevance to her fall, such as the removal of her tonsils, her tubal

ligation, and the like, but the Court will not unconditionally exclude evidence of prior injuries or

surgeries, such as her prior knee surgery, that are relevant to causing Plaintiff's fall in this case.

The flesh wound Plaintiff sustained to her leg while sledding in 1958 is likely irrelevant.

Third, Plaintiff asks the Court to exclude the report and testimony of Dr. Donald S.

Huene in part.  Plaintiff anticipates that he will testify that the extent of Plaintiff's injuries

caused by the fall in this case was exacerbated by a pre-existing condition.  Plaintiff asks the

Court to exclude such testimony under of the "eggshell plaintiff" rule. *See* Restatement (Second)

of Torts § 461 (1965).  The rule subjects a negligent actor to liability for the full extent of a

plaintiff's damages, no matter how fragile a plaintiff is, so long as the defendant was in fact

negligent and some amount of harm was foreseeable.  For example:

> A, a schoolboy, during school hours, inflicts a slight kick upon the shin of B,
> a fellow student.  Ordinarily the kick would have caused only a slight sensation of
> pain, but because of a latent infection it has serious consequences.  A is subject to
> liability to B for the full extent of his injuries.

*Id.* illus. 2.  In this case, Plaintiff anticipates that Dr. Huene will testify that Plaintiff's femur

broke upon her fall because of osteoporosis of her left femur and osteoarthritis in her left knee.

But under the Restatement, so long as Defendants were negligent and some injury was

foreseeable, they are liable for the entire extent of Plaintiff's injuries even if the extent of those

injuries was not foreseeable.  The Court will exclude the testimony as to the extent of Plaintiffs

injury, but not as to causation of the fall.  Evidence that a preexisting condition caused the fall

will not be excluded.

Fourth, Plaintiff requests an order precluding counsel from arguing jury nullification,

arguing personal opinions of the case, or using improper "golden rule" arguments.  Such

arguments are indeed improper but require no special order to enforce.  Plaintiff points to

nothing indicating that counsel intends to make such arguments.  The Court will not issue a

special order preventing such arguments.

*///*

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 78, 82, 87) are

3   GRANTED in part and DENIED in part.

4          IT IS SO ORDERED.

5   Dated this 18th day of April, 2011.

6

7   _____
                    ROBERT C. JONES
                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25